So let's turn to No. 24-1171, Kernz v. Collins. Okay, Mr. Luck? Good morning, Your Honors. May it please the Court, Adam Luck appearing on behalf of Appellant James M. Kernz. Okay, so this case, the underlying controversy, it's still going on, right? That is correct, Your Honor. And the kidney disability, or whatever you want to call it, is still being litigated and relief wasn't granted on that, right? That is correct, Your Honor. Okay, so there's an argument here, the same as that was made in Percival, that there was no jurisdiction for the board or the RO to grant relief while the case was pending in the Veterans Court, right? Yes, Your Honor. And so the government argues that, for a variety of reasons, that the action by the board or the RO was proper. That's correct, Your Honor. That seems to be a difficult sell in terms of the cases, some of which are not cited in the briefs, where courts of appeals have said even though you got what you wanted, if the court action is null and void as a result of lack of jurisdiction, there has to be some action. But it's not action to decide the underlying issue here. It's an action to remand to the board to allow them to do what they have already done, isn't it? It's not, Your Honor, and here's why. So in Mr. Kearns' case, Mr. Kearns' case is- So you want all that stuff that the RO has done, including some of the grants of compensation, wiped out? I think so, Your Honor. I think what needs to happen here is- Let me ask you the same question I asked in the prior case. What was the decision of the board that you filed an appeal from, and what relief at the time were you seeking? Mr. Kearns appealed the May 2020 decision of the board that rejected his NOD as untimely, and he sought to have his appeal docketed and the appropriate evidentiary window established. So under the AMA, the appellant has the right to control the evidentiary window under 38 U.S.C. 7113. He did not get that right. His statutory right was violated when it rejected his NOD. But the RO considered the evidence that you wanted to present, right? That's a different situation, Your Honor, and here's where the confusion is lying. No, no, no. I want to stop there. You got at least part of that relief because they did change their mind and conclude that the appeal of that decision was timely, and they docketed it, right? Partial relief, yes, Your Honor. And they considered all of the evidence that you wanted them to consider, right? They did not, Your Honor. How do we know that? The government says the opposite. How do we know who's right about that? And again, I'm happy to clear up this confusion about the evidentiary record and what was or was not considered. But even that, who – I mean, you're saying that you wanted them to reset the evidentiary window, but the only decision you were challenging was the untimeliness. The Veterans Court was under no obligation when it ordered the board to accept this as timely, if that's the relief they got, to say an evidentiary window is X. Well, those two things are married, Your Honor, because that's the lane that he chose.  But they didn't have to do it that way. The board could have – the Veterans Court could have said, accept this. This is a decision. The appeal was timely. Go forth and adjudicate it. And then any dispute about the actual evidence relied on is part of the adjudication of the merits, not the timeliness. And that is still a live claim, right? There's nothing – is there anything today that would prevent you from – if you think evidence has not been properly looked at in the context of the adjudication of the merits of your client's claim, from challenging that at the board and the Veterans Court and ultimately us? Here is why that's an issue, Your Honor.  Answer that question. Is there anything from that RO decision, which I assume is on appeal to the board now, that would prevent you from challenging what evidence was considered? You can appeal that decision to the board. We have tried to appeal that decision to the board. That appeal has been rejected because the regional office said there hasn't been a final decision yet. So it's just a further case. Yes, but that's going to be – that also can be adjudicated. But here is why. I don't understand why you want us to wipe out all those proceedings and have your client start over and put him four or five or six more years down the road from getting any sort of compensation. Here is why the evidentiary record is so important and why there was a mistake made in this case. It's because when Mr. Kearns appealed and he selected the 90-day evidentiary submission lane, he got to choose the evidence of record at the time of the decision plus evidence submitted within his evidentiary window. What he did not want is any subsequent evidence, any evidence that came in after, which evidence has came in after this case. It's been unfavorable evidence. Didn't the government always have the right to do that? To do what, Your Honor? To add additional evidence to the record. No, Your Honor. Under the evidentiary submission lane, they are bound by the evidentiary parameters established by 38 U.S.C. 7113. So if that was a violation, you still have a right to appeal that violation, don't you? Well, an appeal to the board based on the evidentiary record now has additional evidence in it. Yes, but if it's improperly there because they didn't follow the 90-day rule, then you make that argument. And the Veterans Court could have corrected that on remand whenever Miller first appealed. I don't think they would have. Your appeal wasn't about the evidentiary window. They didn't say anything about the evidentiary window. They said your appeal was untimely. The Veterans Court would have said, yeah, we agree. It's timely. Go back and adjudicate it. That makes sense in a direct review lane where there is no evidentiary parameters established. But in the 90-day evidentiary lane, those two things are married. Whenever you select that lane, you select the evidentiary record. When they placed his appeal back on the docket, there was three evidentiary records that were created, and the Secretary informed them. Can I ask you a fundamental question? Do you agree that the Veterans Court can apply a mootness doctrine? I agree, as long as it's based on legally valid actions, Your Honor. I don't know what that means. Well, that means if the actions were performed without jurisdiction, then they could not be considered.  Harmless error, absolutely. Your Honor, that's statutory.  They have to apply harmless error. So they said this is moot. If they had done this as harmless error and said, yeah, there's a violation. The Board shouldn't have done it, but it's harmless. He got all the relief he was asked. We could give him on his initial appeal. Are they permitted to do that? They were permitted to do that based on legally valid actions. The Board's actions posed, in a way, a nullity. How is harmless error based on legally valid actions? It assumes a legal error that says it's nonetheless harmless. That legal error still pertains because Mr. Kearns was not given all of the relief that he sought from the Veterans Court. I'm not sure if I'm persuaded or not, but you're saying he didn't get all the relief that he could have gotten on the appeal that we're looking at. But if he had, let's just for purposes of this question, concede just for sake of argument that he had gotten all the relief that he sought in the notice of appeal that led to the appeal that we're reviewing. At that point, does the case become moot? And if it doesn't, why not? If he's given everything. If he's given everything that you asked for in your notice of appeal. And I think you have to consider harmless error, and yes, Your Honor. And mootness, right? Even if the Board erred, it didn't have authority to do it under your reasoning. And we know that it did because the Veterans Court held that it did. But does this case then, the appeal in front of us today, does it turn on whether we accept your contention that you did not get everything you sought in your notice of appeal, or does it not turn on that? Well, that's part of the argument is that he was not given everything. The other portion of the argument is that he was not given everything because of lack of jurisdiction. If I think he was given everything that you asked for, what else do I have to think about in this case? That the Board gave him everything based on erroneous jurisdiction that it did not possess. But you just told me that mootness and harmless error are fair things that I can consider. So I would think you would lose if these are my conclusions, wouldn't you? Well, save the fact that he was not given everything that he was requested. That concession is not correct. In fact, there are – and the problem with the briefing here is that there are slow cases that neither party has considered. And I'll give you an example. It's a Padilla case from the Ninth Circuit in 2000, which is 222, Fed 3rd, 1184. And what happened? It was a bankruptcy case in which the case was on appeal to the Court of Appeals, and the bankruptcy court discharged the debts. And the court said, no, no, no, you can't do that, even though that's the ultimate – the total amount of relief sought by the appellant. You can't do that because you didn't have jurisdiction. The action is null and void, and it can't be done. And that principle, assuming that those cases applied here, would apply to this case as well. The action of the RO of the Board would be null and void. The way to cure that, though, is not to decide the appeal on the merits, which is what you want, but rather to authorize the RO and the Board to take the action that they have already taken. It's just a mechanical thing of authorizing the action that's been taken. And so why isn't that what we should do, is to say remand to the Board to allow them to take the action that they've already taken? That is precisely what should happen here. And that way, Mr. Kearns will get the decision that he was entitled to based on the evidentiary record he has requested, the decisions, the underlying decisions that have been made. Let me ask you this. If the Secretary had come in and said, we've looked at this. The Board was wrong. This appeal was a decision, and the appeal was timely. Remand to the Board to adjudicate. They could have done that, right? Yes, sir. And if the Veterans Court had granted that motion, we wouldn't be here. That's the procedure. Right? Yes, Your Honor. And the Veterans Court can look at this and say, well, they should have done this. But the Board is already doing what we would have told them to do. Why isn't that a proper use of the mootness doctrine? And I understand the argument about the court-to-court jurisdiction thing, that the underlying court has no jurisdiction. Does that necessarily apply from an agency to a court? It does, Your Honor. The Board is just part of the agency. I'm going to assume you're not familiar with these cases, but if you are, please feel free. In the Court of Federal Claims, which we also review, there are bid protests from procurement decisions all the time. And routinely, when a procurement decision is challenged in, which is an agency-level decision, is challenged in the Court of Federal Claims, the government will unilaterally cancel its award and come into the court and say, this case is moot because that decision no longer exists. Dismiss the case. And they routinely do that. Why isn't the same principle applicable here that an agency, no doubt, the better course, and I assume the Secretary is going to start doing this, is for the Secretary to ask permission to do this. But if they take an action that moots the case, then why isn't the Veterans Court allowed to say, yeah, the case is moot? Well, A, there's a statute, 38 U.S.C. 7252. We've discussed that in briefing. Harmless error. Right? They didn't say it's harmless error, but let's just assume it's harmless error. Well, it adds the extra step for the court to litigate that, whereas the procedure that's in place now. That's the other side of the coin of mootness. It's harmless error because you've already gotten the relief you were asking for. In their view. In answer to Judge Hughes' question, if you haven't gotten everything you wanted, you're still litigating about the kidney benefit. Correct, Your Honor. So, I mean, if they granted all the relief that you wanted, it would be like Percival. There wouldn't be any controversy. But you still have a controversy with the VA because they haven't given you all the relief that you wanted. Yes, Your Honor. On the merits. They did give you the relief you were seeking in that initial appeal, which is to have the notice of appeal declared timely and the case adjudicated. And to be given the proper evidentiary window. We were not given that. We still have not been given that to this day, Your Honor. I don't understand how that was part of the first appeal. And also, I don't understand how that wouldn't have been resolved on remand anyway and is still being challenged. And you still have appellate rights if you're right that the evidentiary window is incorrect. Because I see. Would you like me to answer that question or? Sure. I'll stay on rebuttal if that's okay.  All right. Ms. Havasey. Can you tell me why the Secretary didn't do in these cases what he usually does, which is to file a motion to remand, either a joint motion or a motion just by the Secretary? This seems a little bit unusual. Why is this happening? It was a bit of an unusual situation, Your Honor. It's not the situation where we had what would be a typical board decision where the board has a written decision. The Secretary decides that the decision was problematic. It requests a remand from the Veterans Court. It goes back to the Veterans Court. Here it was sort of an error with the systems within VA that send out these letters and determine whether something's timely or not timely. A bunch of letters went out, not just to Mr. Kearns but others, that there were untimely filed appeals that weren't actually untimely. So it wasn't. I understand it's not the typical board decision, but it's still a board action that somebody in OGC should have looked at and said, oh, these are errors. We should tell the Veterans Court these are errors and have them send it back. Procedurally, that's a much more proper way of doing it. I can't answer specifically why they didn't do it that way in this case, but as I said, I think it was because it was more of this administrative system error than like a legal error or a factual error within the case where there would be. Well, it's both. I mean, it's not just – there is a legal error. It's just that it's resulting from not an actual recent decision. It just sounds like it was some kind of administrative clerical error, but it's still a legal error, too. Correct. Whatever the basis for it. Correct. I suppose what I meant was more of a clerical error than an error in a lengthy written kind of board decision, and that's why it was just a correction immediately as soon as the board realized that there was this error. They immediately acted on it. Yeah, but the problem is they didn't have jurisdiction to do it, and the cases say that if you don't have jurisdiction to do it, what you did is null and void, and that matters if the case is still going on and there's still a controversy between the parties. The board was acting as part of VA. It was not taking back a jurisdiction per se from the Veterans Court. It was acting as a party to the litigation. We've held Jackson v. Nicholson that once the appeal was taken that the VA loses jurisdiction to do anything. And that's consistent with Cerullo, but only in the case when the board is not granting all the relief that is available. Here, the mootness is inherently… They didn't grant all the relief here. They did, though. As Judge Hughes said earlier, what was being sought here was a timeliness decision. The board dismissed the appeal as untimely. The issue before the Veterans Court was solely timeliness. The Veterans Court could not have done anything else. The Veterans Court could not have ruled on the merits. There are lots of court of appeals cases that say you can't do it. Once the jurisdiction is in the appellate court, the lower tribunal loses jurisdiction. You can't do anything, and what it does is null and void, and that matters if the litigation is still ongoing and the controversy hasn't been resolved. It does not matter if there's mootness at issue, though. As this court held in Conning… They rejected a mootness argument under exactly those circumstances. They said, no, the fact that you got the relief that you wanted doesn't move the case. You had no jurisdiction to grant the relief, and you have to get a remand to the appellate court and a redo. They specifically held that. Is there any authority to the contrary? I'm not aware of any. I'm sorry. What case was that again? Well, I mean, the difficulty here is I'm not sure. It's Inmate Padilla. But there are others. There are many cases like this. Judge Jike has cited a Jackson decision from our court, Padilla from the Ninth Circuit. Are you familiar with these cases? Are you able to help us on that? I'm not familiar with the Padilla from the Ninth Circuit. I've probably read the Jackson, but… The problem with the argument is that neither party cited this line of cases that says mootness. The mootness doctrine doesn't apply under these circumstances because there's no jurisdiction to do anything. And what they did was ineffective and null and void. But I would say that this Court's decision in Connation, from what I understand, you're talking about the Padilla case. It sounds like it conflicts with the Padilla case because in that case, the Court determined that the issue was moot. It never reached the issue of whether the agency's action was proper or not proper. It was essentially, as Judge Hughes was saying, a harmless error decision. Which case is this? This is Connation.  Essentially, the Court said we can consider any jurisdictional ground that we would like to consider. And the preference is to consider mootness over something that sort of wades into the merits of the case. And the Court dismissed on mootness grounds. To accept that argument, though, do we have to accept that the Board here basically is acting as a party to the appeal, as opposed to an adjudicative body? Not for that portion of it. Not necessarily. In the Connation case, it was a Board within the Department of the Interior that was acting on behalf of the agency. So I would say it was sort of a similar posture to this case in terms of what the role within the agency was of the entity that made the decision. But your argument, as I understand it, is basically we should view this case as the Secretary conceding and settling the case by giving Mr. Kearns everything that he could have gotten from the Veterans Court. Yes, and the reason for... Well, except that that didn't happen. He hasn't gotten everything he wanted. He got everything that he wanted from the Veterans Court, which was a timely acceptance of his appeal to the Court. But that didn't render the underlying controversy moot. Was the underlying controversy before the Veterans Court? No. The underlying controversy never reached the Veterans Court. The only thing before the Veterans Court was the issue of timeliness. What about this evidentiary window argument? Mr. Kearns really emphasizes that he didn't get the evidentiary window he wanted. Why is that not a problem for the government? Again, that issue was not before the Veterans Court. The only issue that was before the Veterans Court was timeliness. The Veterans Court decided the timeliness issue when the remand then went back to the Board, and the Board considered his claims on the merits, and the Board explicitly said, we're not considering the evidence you submitted because it was outside the window. At that point, he could have appealed the evidentiary issue. Potentially, there could be a Williams issue there. But even had there been a Williams issue and it went back to the RO, he could have appealed the RO decision, saying you didn't consider the proper evidence under 7113, the argument that he's making now, that only the evidence submitted at the Board level should have been considered, and that the RO shouldn't have gone and done additional evidentiary development. That is an argument that still remained open to him under the procedure as it played out in this case. Where is this, what is the carnation case? What is the name of the case? Carnation, K-A-W. Carnation, K-A-W. Where is that cited? I believe it's cited multiple places. It has a PESCIM site in the table of contents, so we talk about it throughout our brief. I think you agree with this, but the majority at the Veterans Court said that the Board here erred when it failed to seek permission from the Veterans Court before taking its corrective action. You agree that was error, correct? No, we don't agree that it was necessarily error. We don't think the Court needs to reach that question, because if it was error, it was harmless error. But we don't necessarily agree that it was error, because the Board acting as part of VA could have taken action without raising these sort of dual jurisdiction issues. Could it only take action that gave Mr. Kern 100% of what he was seeking in this appeal? Well, if this Court chooses to follow the Veterans Court's Tarullo decision, essentially yes, because that ties the mootness into the Board's ability to take action. And the Veterans Court in Tarullo, of course, said that when the Board tried to reconsider its decision without any... Is Tarullo the case you were talking about with me? No, CAW Nation is the case. Where's that case? I don't see it in the table of contents. It's K-A-W. K-A-W? K-A-W space Nation. The bottom of page five. CAW Nation. I wrote that. CAW Nation, yes. That doesn't help you. It's on page two of the table. I have another question about Tarullo then. Yes. Because the dissenters say, we can think of no principle reason to require the Secretary to seek the Court's permission to correct a clerical Board error, which I think is the holding in Tarullo, but not a substantive Board error, which is at least how the dissenters viewed what happened here. Can you help me come up with a principled reason for why we could affirm here, but yet Tarullo is also correct? The distinction in Tarullo wasn't substantive versus non-substantive. It was full relief versus not full relief. And that's clear from the Veterans Court decision in Lougan, which then took Tarullo and applied it in the context of a clerical error. So we're not trying to make a clerical, non-clerical error distinction here for this purpose. It's really about full relief versus not full relief. In Tarullo, there was no full relief. In Lougan, there was no full relief because it was simply an addition of a missing page concerning the Board's ultimate decision. I just wanted to make one point that Mr. Kearns has raised about the exclusive jurisdiction in 7252. He appears to rely on that to say that the Veterans Court has exclusive jurisdiction as opposed to the Board. Our reading of 7252 is that the Veterans Court has exclusive jurisdiction as opposed to other courts. You cannot bring an appeal from the Board to a district court or to another court of appeals. It's only the Veterans Court that can hear the exclusive jurisdiction. So there's nothing from 7252 that supports this argument about dual jurisdiction. Let me ask you one more question. Let's accept that the cases Judge Dyke has mentioned say, of course, what he says. Would you have any concern with that principle being applied to the Veterans Court system where it seems like the veteran, because the system, understandably, is meant to aid the veteran, it seems like the veteran's claim is not necessarily ever done on the merits. If we were to say that the underlying, that this appeal doesn't become moot until the veteran gets everything he wants or his case is 100% over, could that actually be cognizantly imposed on the veterans' system? I don't think it could because of the way that these claims are often processed. There's often multiple claims for service connection for different disabilities, for different reasons. A lot of these claims proceed kind of staggered through the system. So it would be very difficult as a practical matter to just keep all these cases open and all the various claims open and not ever consider any issue moot until, quote, everything was done. And then there's also, you know, cue and new and material evidence. I mean, these things could just never, ever, ever become moot because there is always the potential to challenge a VA decision. There are no further questions we request at this point. Just to be clear, coordination is like Percyville, right? It's a situation where the money had been paid. It is a situation where the parties had agreed that there was not notice left, yes.  There wasn't a continuing controversy, right? Right. Our position is that this is not, but yes, that one was not. Okay, thank you. Thank you. Mr. Luck? I wanted to make one very quick point about Cerullo. In Cerullo, the veteran only sought reconsideration of the board's decision. And the board said, we're going to reconsider your decision. That was the only relief that he sought. And the veterans court said that is not applicable because you don't have jurisdiction while the case is on appeal. So the veterans court in Cerullo did not raise any mootness issue. They didn't have any mootness concerns. They said it was a jurisdictional issue. The veterans court said it possessed jurisdiction on appeal. The board did not, even to just offer reconsideration. And to answer Judge Stark's question about the appeal of the regional office decision, the evidentiary parameters that control that appeal to the board are under 38 U.S.C. 7113. That statute states that an appeal of that decision must include consideration of the evidence up to, evidence of record up to the time of that decision. The board doesn't have any authority to exclude evidence that is required to be considered by statute. So we would wind up at the veterans court anyways. And the veterans court could have on appeal, in this case, remanded for the proper establishment of the proper evidentiary record, which would allow Mr. Kearns to have a decision based on the evidentiary record that he selected. Is this because the board did it, not the secretary? It's because the board did it without jurisdiction, Your Honor. No. If the secretary, because the secretary has vast authority in these cases, if the secretary had ordered the board to accept this as a timely appeal and to adjudicate it, could the secretary do that? That would have been through the proper procedures as established by Cerullo, yes, Your Honor. And we would have entered into a joint motion for remand, a joint motion to terminate. What if it wasn't a joint motion to remand? What if it wasn't a joint motion to remand? The secretary just said we looked at this, the board's wrong, take it back, re-adjudicate it. And we went to the court and said dismiss it. Even the secretary conceded at oral argument and in briefing at the veterans court that it would be required to enter into a joint motion for remand. It would not take any action but for its view that the decision being appealed was not a final decision, which as we know by the veterans court's precedent now, it was a decision subject to the veterans court's jurisdiction. Okay, thank you. Thank both counsel. Thank you, Your Honor.